[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 9, 1999, plaintiff Carol A. Esposito tendered to defendant Kabir A. Akhand, a check for Five Thousand Dollars ($5,000.00) "for Sliding-Down Payment." The cancelled check is endorsed by defendant and carries evidence that $5,000.00 cleared plaintiff's account and was paid. (Copy of Exhibit A in evidence).
Defendant's Exhibit 1, in evidence, is not signed by any person. It states "I the undersigned Contractor agrees to furnish all materials and/or labor necessary for the work (specified below).
 Cash $22,000.00 Down Payment 5,000.00 Will be paid after finances approved Balance to be financed 17,000.00
Both plaintiffs signed on July 2nd, 1999. CT Page 15297
This printed "Agreement" not signed by defendant. It also precluded cancellation after July 7th, 1999. Defendant offers this theory as a defense to liability after default. P.B. § 17-34.
On August 3, 1999, plaintiff contacted the Department of Consumer Protection for assistance in returning her money. Defendant failed to respond to plaintiff's requests and/or inquiries. Defendant's promised assistance in financing never materialized (see Exhibits 1, 2, and 3).
Plaintiffs' Exhibit B indicates the attorney for plaintiffs met on September 10, 1999 up to and including May 2, 2000 for a total of 13.5 hours @ 185 per hour for a total earned fees of $2,497.50.
This civil summons dated September 29, 1999 alleges three counts. Breach of Contract, CUTPA, and Conversion. The "Claims For Relief" as stated correspond to the evidence of record and cover "such other relief that the court deems proper." Defendant Kabir Akhand received in hand service. Defense attorney filed an appearance dated November 5, 1999.
A motion for default for failure to plead was granted on February 15, 2000 and notice sent on February 17, 2000.
On March 30, 2000 defendants filed an Answer, Special Defense and Counterclaim. Plaintiffs' attorney filed a Certificate of Closed Pleadings for all other non-jury matters (court trials). On May 30, 2000, defendants filed a Motion for a Continuance. (No. 106).
The final entry (No. 107) indicates the defendants were defaulted for failure to appear and defended the trial scheduled for November 2, 2000.
This factual background clearly falls under P.B. § 17-34 and "defendant shall not be permitted to offer evidence to contradict any allegation in the plaintiffs' complaint" . . . "or matter of defense."
Exhibit A supports the conclusion that Kabir Akhand received $5,000.00 and converted it to his own use stating untrue facts that deprived plaintiffs of said sum for an indefinite period of time, and failed to perform any services. His conduct supports the conclusion that his conscious objective was to convert and he did convert said sum to his own use.
Judgment on Count Three for plaintiffs to recover of defendants the sum of $14,500, plus costs and entered under paragraph 4 of the claims for relief. CT Page 15298
Reynolds, Judge Trial Referee